Per Curiam.

By this means any body may get himself discharged.

Per Curiam.

But the plaintiff may lose his debt. Take a rule to show cause the first day of next term why he *164 should not be discharged, and in the mean time let proceedings be staid.
Motion denied: rule to show cause ordered.(a)
Radcliff and Livingston, Justices, absent.

 The rule as to immunity of persons is, that all whose attendance is required in a court of justice, either directly on the business of the court, or in any manner relative to that business, shall be protected from arrest, eundo, morando, et re-eundo. Meekins v. Smith, 1 H. Black. 636. On the arrest, therefore, of either plaintiffs or defendants, when going to attend their cause, it will be put off, and, without.costs, if there be any collusion with the creditor, until the return of a ha. cor. which the judge at N. P. will grant. Solomon v. Underhill, 1 Camp. 229. Bail attending to justify. Meekins v. Smith, ubi sup. So persons upon recognizance at the sessions. Bours v. Tuckerman, 7 Johns. Rep. 638. Witnesses to prove a will. Norris v. Beach, 2 Johns. Rep. 294. For the purposes of protection, all before whom proceedings in a cause are judicially heard, are quasi a court of justice. Commissioners of bankrupt, (Ardinge v. Flower, 8 D. & E. 524,) arbitrators, (Spence v. Stewart, 3 East, 89,) and referees under a rule at N. P. (Moore v. Booth, 3 Ves. jun. 350,) Waiting at a coffee-house from day to day, if in the vicinity of the court, is held to be within the morando. Childerton v. Barrett, 11 East, 439. Staying in the afternoon to dine at a tavern in the neighborhood of the court, within that of redemdo. Lightfoot v. Cameron, 2 Black. 1113.